■ In the Matter of MORRIS SILVERSTEIN, as Conservatee. RITA CHASE, Respondent-Appellant; MARION SILVERSTEIN, Appellant-Respondent.—In a proceeding to remove Marion Silverstein as conservator of the property of her husband Morris Silverstein, (1) Marion Silverstein appeals from so much of an order of the Supreme Court, Westchester County (Walsh, J.), dated April 29, 1985, as directed her, as conservator, to pay to the referee the sum of $12,144 for services rendered and disbursements, and (2) Rita Chase cross-appeals from so much of the same order as confirmed the referee's report.

Order affirmed, without costs or disbursements.

Rita Chase, the petitioner, is the daughter of Morris Silverstein, the octogenarian conservatee. Marion Silverstein, the conservator, is his wife by a second marriage. The petitioner sought removal of her stepmother as a conservator of her father's estate, *inter alia,* for falsification of the estate's financial records. Pursuant to an order and judgment (one paper) of the Supreme Court, Westchester County (Walsh, J.), dated May 14, 1984, both parties submitted papers to a referee appointed to review the claims as to the accuracy of the annual accounts filed by the conservator. The referee concluded, after a lengthy discussion and analysis of the charges, that although some of the petitioner's claims were valid, he could not recommend that the conservator be removed. He remarked that an examination of the charges revealed that they were "mostly based on supposition and suspicion", and that most of the claims concerned "matters which were already judicially determined". However, the petitioner's charges did result in a recoupment of $5,000 for the estate. Special Term, in an order dated April 29, 1985, confirmed the referee's report and directed that the conservator pay to the referee the sum of $12,144 for services rendered and disbursements.

The conservator contends that the petitioner should be required to pay all or part of the referee's fee. We disagree. The conservator is under a statutory obligation to have a court-appointed referee review the accounts of the conservatee's estate *(see,* Mental Hygiene Law §§ 77.29, 78.25). Although we note that many of the charges raised by the petitioner appear to have been frivolous, we are nevertheless constrained by Mental Hygiene Law § 78.25 (d), which provides that the expenses of the annual examination of accounts shall be payable out of the estate examined. Therefore, we do not direct an apportionment of the referee's fee.

The contentions raised on the petitioner's cross appeal are

likewise rejected. There is insufficient evidence before us to justify the reversal of Special Term's decision to confirm the referee's report. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.